### VIOLA BURTON ET AL. V. W. E. DUPREE.

Decided June 15, 1898.

**1. Lease—Unlawful Contract—Prostitution.**

No rent can be recovered upon a lease made with the knowledge of the lessor that the premises are to be used for the purposes of prostitution.

**2. Same—Constitution—City Charter—Suspending Laws.**

Under the Constitution of 1875, article 1, section 28, no power of suspending the laws of the State can be exercised except by the Legislature; and an ordinance licensing houses of prostitution within certain limits, passed in pursuance of a charter empowering the city council to regulate and license houses of prostitution, does not suspend the penal laws of the State against prostitution nor legalize the lease of property therefor within such limits.

**3. Unlawful Contract—Parties in Pari Delicto.**

Neither the keeper of a bawdy house nor the party who has sold her property for furnishing same and repurchased it from her when levied on for the rent of the house, is prevented by reason of the illegal character of such business or sale from setting up, as a defense to an action to distrain such property for rent, the illegal character of the contract of plaintiff in leasing the property for the carrying on of such business.

APPEAL from the County Court of McLennan. Tried below before Hon. J. N. GALLAGHER.

*E. E. Easterling* and *Robert R. Rogers,* for appellants.

No briefs for appellee were on file.

KEY, ASSOCIATE JUSTICE.—Appellee brought this suit against Viola Burton to recover rent due for the use of a house, and sued out a distress warrant, which was levied upon a piano, stool, and scarf. Thomas Goggan & Bro. were made parties defendant as mortgagees of the property seized. Pending the litigation, Goggan & Bro. purchased Viola Burton's

interest in the piano, stool, and scarf, and interposed the plea that the rent contract between appellee and Viola Burton was illegal and contrary to public policy, and therefore should not be enforced as against their claim.

The court below rendered judgment in Dupree's favor against Viola Burton for the rent sued for, and foreclosed his landlord's ·lien on the property in question against her and also against Goggan & Bro. Goggan & Bro. have appealed.

The uncontroverted testimony shows that the house was rented and used for the purpose of public prostitution, and that appellee knew at the time that the contract was made and during the time that Viola Burton occupied it that it was to be, and was, used for that purpose. It is a penal offense to keep a house for the purpose of prostitution; and it is a like offense for the owner of the house knowingly to permit it to be used for such purpose. Penal Code, arts. 359, 360, 361.

In Hunstock v. Palmer, 23 Southwestern Reporter, 294, the Court of Civil Appeals for the Fourth District held that a lease made with the knowledge of the lessor that the premises are to be used for the purposes of prostitution is contrary to public policy and no rent can be recovered. That decision is supported by authorities referred to in the opinion, and appears to us to be sound in principle.

We therefore hold that the lease contract in this case is contrary to public policy and not enforceable in the courts, unless it be that the provisions of the Penal Code referred to are suspended and do not apply in the particular portion of the city of Waco in which the house in question is situated. The testimony shows that the charter of the city of Waco authorizes the city council to "restrain, punish, regulate and control, license and locate, all houses of prostitution or assignation and keepers and inmates thereof for the preservation of the public health."

It is also shown that, under said charter, the city council has passed an ordinance licensing houses of prostitution within certain limits in said city, and providing for the inspection of the inmates of such houses. It is further shown that the house in question is situated within the limits referred to, and was one of the licensed bawdy-houses in the city of Waco all the time it was occupied by Viola Burton.

In view of these facts, it is claimed on behalf of appellee that the provisions of the Penal Code above referred to are suspended in that portion of the city of Waco called the "Reservation," in which bawdy-houses are permitted and licensed by the city authorities.

In Davis v. State, 2 Texas Civil Appeals, 425, a similar ordinance enacted under similar charter powers was held to have this effect; but on the subject of authority to suspend State laws, there is a marked difference between the present Constitution and the Constitution of 1869, under which the Davis case arose. The Constitution of 1869 and all former Constitutions (section 20 of article 1 of each) provided that "no power of suspending the laws of this State shall be exercised, except by the Legislature or its authority." Section 28 of article 1 of the present

Constitution reads as follows: "No power of suspending laws in this State shall be exercised, except by the Legislature." It will be noted that this section omits the words "or its authority," contained in all the former Constitutions. This section restricts the power to suspend laws to the Legislature, and expressly prohibits the exercise of such power by any other body.

In view of this provision of the Constitution, it must be held (whatever may have been the power of the Legislature under former Constitutions) that that body can not now delegate to a municipal corporation or to anyone else authority to suspend the statute law of the State.

We therefore hold that the provisions of the Penal Code referred to were and are in force within the entire limits of the city of Waco, as well as elsewhere in the State; and that the lease contract in question, being knowingly made for the purpose of assisting in the violation of a penal law, is contrary to public policy and not enforceable in the courts.

The view that the Legislature can not, under the present Constitution, delegate to a municipal corporation authority to suspend State laws, is now held by the Court of Criminal Appeals (Coombs v. State, 44 Southwestern Reporter, 854); and while, on another question decided in the Coombs case, there is conflict between that court and the Supreme Court, we know of no decision of the latter court on the question involved in this case.

It seems to be contended in behalf of appellee that Goggan & Bro., having sold the property in controversy to Viola Burton with the knowledge that it was to be used in furnishing a bawdy-house, and having purchased it from her pendente lite with the knowledge that it had been so used, they are in pari delicto, and can not avail themselves of the defense urged against the claim of appellee. It may be that Goggan & Bro. would have been denied the assistance of the courts to enforce payment of their debt against Viola Burton; but the latter having voluntarily conveyed all of her interest in the property to Goggan & Bro., they could, as to said property, interpose whatever defense would have been available to her. They are not seeking any affirmative relief, but are merely interposing the right which Viola Burton had, and which by purchase from her they have acquired, to object to appellee's alleged lien upon the property in controversy. Notwithstanding the use to which the property had been put, Viola Burton had the power to sell it, and thereby transfer whatever right she had to it, and Goggan & Bro., having bought that right, can interpose whatever defense would have been available in her behalf; and it is clear that she could have interposed the defense now urged by them.

Therefore, as between appellee and Goggan & Bro., the judgment of the court below will be reversed and judgment here rendered that appellee has no claim or right to the property in controversy superior to the title of Goggan & Bro. As between appellee and Viola Burton, who has not appealed, the judgment will be affirmed.

*Affirmed in part and reversed and remanded in part.*